UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SONJA HAHNEL,

    Plaintiff,

v.

EDWARDS WILDMAN PALMER LLP, ET AL.,

    Defendants.

CASE NO. 12-cv-00197-SRU

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Santander Consumer USA, Inc. ("Santander") and Edwards Wildman Palmer LLP (the "Firm," together with Santander "Defendants"), responding to the First Amended Complaint ("Complaint") of Plaintiff Sonja Hahnel ("Plaintiff"), answer and assert affirmative defenses as follows:

The first two pages and most of the third page of the complaint do not contain separately numbered paragraphs as required by Fed. R. Civ. P. 10.[1] Accordingly, to the extent the content of those portions of the Complaint can be considered allegations, they are too vague and ambiguous to require a response. To the extent a response is required, Defendants admit that the Firm is a law firm with an office at 111 Huntington Avenue, Boston, Massachusetts 02199 and that Santander is an Illinois corporation. The "Jurisdiction and Venue" allegations contain legal

---

[1] Plaintiff was made aware in a previous action against Santander of the requirement that all allegations in a pleading must be set forth in separately numbered paragraphs. In *Sonja Hahnel, et al. v. Santander Consumer USA, Inc., et al.*, No. 11-cv-1300 (D. Conn.), the Court (Bryant, J.) granted Santander's motion for more definite statement, specifically noting Plaintiff's failure to comply with Fed. R. Civ. P. 10(b). *Id.*, Docket Entry No. 46.

conclusions to which no response is required. Defendants deny all of Plaintiff's other allegations and deny that Plaintiff can state a claim against Defendants upon which relief may be granted.

## FACTUAL ALLEGATIONS

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Defendants admit that on September 12, 2011, Tara Trifon, Esq., an associate at the Firm (then known as Edwards Angell Palmer & Dodge LLP), filed a notice of appearance on behalf of Santander (and one of its predecessors in interest) in an action styled *Sonja Hahnel, et al. v. Santander Consumer USA, Inc., et al.*, No. 11-cv-1300 (D. Conn.) (Bryant, J. presiding) (the "August Matter"). Defendants further admit Attorney Trifon sent an email to Plaintiff (who was proceeding *pro se* in the August Matter), which transmittal speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Defendants admit that on December 9, 2011, Charles Ognibene, Esq. and the undersigned, both attorneys at the Firm, spoke with Plaintiff on the telephone. Defendants further admit that, during the call, Attorney Ognibene informed Plaintiff that the Firm represented Santander in the August Matter and that Attorney Ognibene would be the primary point of contact for Santander going forward in the August Matter. Defendants deny that Attorney Ognibene (or the undersigned) threatened Plaintiff or demanded that Plaintiff arrange to have her son's motor vehicle surrendered. Defendants admit that Attorney Ognibene, on behalf of Santander, informed Plaintiff of Santander's position that Plaintiff's son, William Hahnel (a co-plaintiff in the August Matter) ("Mr. Hahnel") was (and is) indebted to Santander. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. Denied.

10. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

11. Defendants admit that, during the December 9, 2011 phone call, Attorney Ognibene informed Plaintiff that if the parties were unable to resolve the August Matter (in which Plaintiff and Mr. Hahnel asserted claims against Santander), Santander would be compelled by the Federal Rules of Civil Procedure to assert a counterclaim against Mr. Hahnel based upon his failure to repay his indebtedness to Santander, which indebtedness exceeds $20,000. Defendants deny the remaining allegations in this paragraph.

12. Defendants deny that Attorney Ognibene threatened Plaintiff. Defendants further deny engaging in any abusive conduct against Mr. Hahnel. Defendants are without knowledge

-3-

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13. Denied.

14. Defendants deny that Attorney Ognibene was verbally violent or threatened Plaintiff while he described Santander's position with respect to Plaintiff and Mr. Hahnel's claims in the August Matter during the December 9, 2012 phone call. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15. Denied.

16. Defendants admit the undersigned represented Santander in the August matter. Defendants further admit the undersigned participated in the December 9, 2011 phone call with Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. Defendants admit Attorney Ognibene and the undersigned attempted to contact Mr. Hahnel, a co-plaintiff in the August Matter on December 9, 2012. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. Defendants admit Attorney Ognibene and the undersigned attempted to contact Plaintiff at a telephone number different from the telephone number that Plaintiff answered on December 9, 2012. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendants admit the undersigned filed a notice of appearance on behalf of Santander in the August Matter on December 12, 2011. Defendants further admit the undersigned sent an email to Plaintiff and Mr. Hahnel on December 12, 2011 concerning the August Matter, which transmittal speaks for itself. The allegation that the Firm failed to make the required notice of rights under the Fair Debt Collection Practices Act ("FDCPA") § 1692e(11) is a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny that the referenced portion of the FDCPA applies in the manner alleged.

23. Defendants admit that the undersigned sent an email to Plaintiff and Mr. Hahnel on December 14, 2011, which transmittal speaks for itself. The allegation that the undersigned failed to make the required notice of rights under the FDCPA § 1692e(11) is a legal conclusion to which no response is required. To the extent an answer is required, Defendants deny that the referenced portion of the FDCPA applies in the manner alleged. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 23.

24. Defendants admit that the undersigned sent an email to Plaintiff and Mr. Hahnel on December 14, 2011, which transmittal speaks for itself.

25. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 25.

26. Defendants admit that, in an email to Plaintiff and Mr. Hahnel dated December 12, 2011, the undersigned stated, *inter alia*, "[l]astly, I caution that Federal Rule of Civil Procedure 11 imposes an unwavering obligation on attorneys and self-represented parties alike to have a good faith basis for each and every representation made to the court. Failure to faithfully adhere to that obligation can expose a party or an attorney to sanctions by the court. I respectfully urge you both to consider this mandate before deciding how next to proceed." Defendants deny the remaining allegations of Paragraph 26. Defendants deny threatening Plaintiff or Mr. Hahnel. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. Defendants deny sending Plaintiff or Mr. Hahnel any threatening emails. Defendants admit that Santander, *via* the Firm, filed a motion for a settlement conference in the August matter and attached a proposed compulsory counterclaim against Mr. Hahnel to the motion. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 27.

28. Defendants deny threatening or attempting to intimidate Plaintiff or Mr. Hahnel. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 28.

29. Defendants deny refusing to provide Plaintiff or Mr. Hahnel with evidence to support Santander's proposed counterclaim against Mr. Hahnel. Defendants again deny threatening Plaintiff or Mr. Hahnel. Defendants further respond that the undersigned, on behalf of Santander, voluntarily provided Plaintiff, Mr. Hahnel and, ultimately, their counsel with ample documentation of Santander's ownership of the debt owed by Mr. Hahnel. In addition, it bears noting that the Honorable Vanessa Bryant, the presiding judge in the August matter, denied

-6-
BOS111 12683110.1

Plaintiff's and Mr. Hahnel's motion for extension of time to amend their complaint in accordance with the Court's previous order so that Plaintiff and Mr. Hahnel could proceed with discovery against Santander. Rather than amending their complaint, Plaintiff and Mr. Hahnel voluntarily dismissed the August matter on January 11, 2012. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 29.

30. Defendants deny sending threatening emails to Plaintiff and/or Mr. Hahnel. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 30.

31. Defendants deny that Santander authorized the Firm (or any other legal representative) or anyone else to threaten, harass or abuse Plaintiff. Defendants admit that Santander authorized the Firm to contact Plaintiff and Mr. Hahnel as a result of those individuals initiating a lawsuit against Santander in the United States District Court for the District of Connecticut. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 31.

32. Defendants deny that the Firm is a "collection entity" or a debt collector under the FDCPA. Defendants further deny that the Firm threatened, intimidated or used unconscionable means to collect a debt. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 32.

33. Defendants again deny that the Firm threatened Plaintiff or Mr. Hahnel. Defendants further deny having any intention of threatening or otherwise coercing Plaintiff or Mr. Hahnel. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 33.

BOS111 12683110.1

34. Defendants lack sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 34.

## CLAIMS FOR RELIEF

*FIRST CAUSE OF ACTION*

35. Defendants' repeat their responses to Paragraphs 1 through 34, above.

36. Denied.

37. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 37. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

38. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 38. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

39. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 39. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

40. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 40. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

41. Santander denies that it violated the Telephone Consumer Protection Act. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 41. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

## SECOND CAUSE OF ACTION

42. Defendants' repeat their responses to Paragraphs 1 through 34, above.

43. Denied.

44. Denied.

   a. Denied.

   b. Denied.

   c. Denied.

45. The Firm denies that it violated the FDCPA. The Firm lacks sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 45. This allegation does not appear to be directed at Santander. Accordingly, Santander does not respond thereto.

## THIRD CAUSE OF ACTION

46. Defendants' repeat their responses to Paragraphs 1 through 34, above.

47. Denied.

48. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 48. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

49. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 49. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

50. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 50. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

BOS111 12683110.1

51. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 51. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

52. Santander denies that it violated Connecticut's Creditors Collection Practices Act. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the remaining allegations in Paragraph 52. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

*FOURTH CAUSE OF ACTION*

53. Defendants' repeat their responses to Paragraphs 1 through 34, above.

54. Denied.

55. Denied.

56. Santander lacks sufficient knowledge and information upon which to form a belief as to the truth of the allegations in Paragraph 56. This allegation does not appear to be directed at the Firm. Accordingly, the Firm does not respond thereto.

57. Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has breached her duty to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has acted with unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred because Plaintiff lacks standing with respect thereto.

WHEREFORE, Defendants request judgment against Plaintiff dismissing the Complaint with prejudice and granting such further relief as this Court deems appropriate.

Dated this 19th day of March 2012

SANTANDER CONSUMER USA, INC. and EDWARDS WILDMAN PALMER LLP,

By its attorneys,

/s/ Michael T. Grant
Michael T. Grant (ct27968)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA 02199-7613
Tel: 617.239.0100
Fax: 617-227-4420
mgrant@edwardswildman.com

Certificate of Service

I, Michael Grant, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 19, 2012.

/s/ Michael Grant
Michael Grant